IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DONALD F. WINNETT,**                                                                          **PLAINTIFF**
**ADC # 139544**

**V.**                                    **CASE NO. 2:16-CV-13-KGB-BD**

**ALEX BRAY**                                                                                   **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Either party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**II.   Discussion:**

  A.    Background

Plaintiff Donald F. Winnett, an Arkansas Department of Correction ("ADC") inmate, claims that Defendant Bray violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying him

Sabbath meals.[1]  (Docket entry #1) Specifically, Mr. Winnett alleges that Defendant Bray, a chaplain at the East Arkansas Unit of the ADC, failed to provide him with "religious meals" on Saturdays. (#2) Mr. Winnett allegedly asked Defendant Bray about his religious meals on October 2, 2015, and on three other occasions. (#2, p. 6 & 13)

Defendant Bray has filed a motion for summary judgment (#203), and Mr. Winnett responded. (#235, #245) In turn, Mr. Winnett has filed four cross-motions for summary judgment. (#213, #221, #227, #246) Defendant Bray has responded to Mr. Winnett's motions. (#217, #229)

B.  Standard

Summary judgment means that the court rules in favor of a party before trial. A moving party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

C.  Facts

The important facts in this case are undisputed. Mr. Winnett is a member of the "House of Yahweh," also known as "Sabbath Day Adventist." (#2, #203-1, p.4) House of

---

[1] In his original complaint, Mr. Winnett brought claims regarding a religious beard script. (#2) Those claims, however, were dismissed, either on Mr. Winnett's motion or because he failed to exhaust administrative remedies. (#12, #181)

Yahweh adherents consider Saturday as Sabbath. (#203-1, p.8) The tenets of his faith require that he never consume pork and that he not consume a meal prepared on the Sabbath. (#203-1, p.10-11) Defendant Bray does not contest the fact that Mr. Winnett has sincerely held religious beliefs; nor does he dispute that Mr. Winnett's Sabbath meal cannot include pork and cannot have been prepared on Saturday. (#204)

Mr. Winnett filed a grievance regarding the issue, explaining that he wanted a half loaf of bread and a cup of peanut butter on Saturdays for his Sabbath meals. (#2, p.13) It is undisputed that the prison did not provide Mr. Winnett bread and peanut butter, as he requested, but instead offered him Common Fare. (#2, p.12) Mr. Winnett appealed the denial of his grievance, writing that Common Fare did not resolve his issue. (#2, p.12) The appeal was found to be without merit. (#2, p.11)

It is undisputed that the ADC provides inmates who have religious dietary restrictions, including Mr. Winnett, the option of Common Fare. (#203-2; #203-1, p. 16) Common Fare meals are pre-packaged and pork-free. (#203-2) Mr. Winnett admits that Defendant Bray offered him Common Fare on one Saturday in the chow hall. (#203-1, pp.13, 15, 16, 22) Mr. Winnett also admits that Common Fare meets his religious requirements because it is pork-free and not prepared on Saturdays. (#203-1, p.16, 22-23)

However, Mr. Winnett refuses to eat Common Fare and insists on bread and peanut butter. (#203-1, p.9) Mr. Winnett admits that his religion does not require him to eat peanut butter and bread. (#203-1, p.9) His objection to Common Fare is that he does

3

not want to eat it. He does not allege that Common Fare fails to comport with requirements of the House of Yahweh tenets or that it fails to provide adequate nutrition. (#203-1, p.15-16, 22-23)

It is undisputed that, at one time several years ago, the ADC provided inmates with the option of bread and peanut butter (#203-1, p.12); but inmates are no longer offered this option. They are free to buy peanut butter and bread, however, from the prison commissary. (#203-1, p.12-13) Although Mr. Winnett has purchased ice cream, candy bars, and an envelope at the commissary, he has never elected to purchase either peanut butter or bread. (#203-1, p. 16-17)

Mr. Winnett asserts that his religion prohibits him from "[showing] up in the chow hall at all on Saturday." (#203-1, p. 13) Even so, he concedes that he has never requested that Common Fare be brought to him in his barracks. His believes that a request to eat in his barracks would be denied, should he ask.

D.   Analysis

The Free Exercise Clause of the First Amendment prevents prison officials from substantially burdening a prisoner's sincerely held religious beliefs. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise" of an institutionalized person unless the government can demonstrate that the burden "is the least restrictive means of furthering [a] compelling governmental interest." 42 U.S.C. § 2000cc-1(a). A substantial

burden exists if the prison policy significantly inhibits or constrains religious conduct, meaningfully curtails an inmate's ability to express adherence to his faith, or denies an inmate reasonable opportunities to engage in fundamental religious activities. *Van Wyhe v. Reisch*, 581 F.3d 639, 656 (8th Cir.2009) (citation and quotation omitted).

Likewise, it is settled law that "jail and prison inmates have the right to be provided with food sufficient to sustain them in good health and that satisfies the dietary laws of their religion." *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003); see also *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008); *Love v. Reed*, 216 F.3d 682, 689 (8th Cir. 2000). As long as the meal provided is adequate, however, prisoners have no constitutional right to a particular type of meal. *Burgin v. Nix*, 899 F.2d 733, 734-735 (8th Cir. 1990).

There is no issue here about the sufficiency of the Common Fare in terms of nutritional value. Likewise, there is no issue about where Mr. Winnett's Sabbath meals are served. He has conceded that he never requested that Common Fare be provided in his barracks rather than in the chow hall; and his belief that a request to eat in his barracks would be futile is not evidence that ADC officials violated his right to practice his religion.

The only question, then, is whether the prison's refusal to accommodate Mr. Winnett's preference for peanut butter and bread instead of Common Fare substantially burdens his ability to practice his religion. *Gladson v. Iowa Dep't of Corrs.*, 551 F.3d 825,

5

833 (8th Cir. 2009). The undisputed evidence shows that the ADC and Defendant Bray accommodated Mr. Winnett's religious beliefs by offering him Common Fare. Mr. Winnett has failed to show that Defendant Bray placed a substantial burden on his religious exercise when he offered Mr. Winnett Common Fare instead of peanut butter. Mr. Winnett's claims against Defendant Bray fail.[2]

## III. Conclusion:

Defendant Bray's motion for summary judgment (#203) should be GRANTED. Mr. Winnett's cross-motions for summary judgment (#213, #221, #227, #246) should be summarily DENIED.

Dated this 22nd day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant Bray also argues that he is entitled to qualified immunity. Because there is no evidence of a constitutional violation, it is not necessary to examine this defense.